UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| C. M. POUND,[1] Plaintiff, | ) | |
| v. | ) | Case No. 3:25-cv-332-GSL-APR |
| FRANK J. BISIGNANO, Commissioner of Social Security, Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the court on petition for judicial review of a decision of the Commissioner of Social Security, filed by the plaintiff, C. M. Pound, on April 18, 2025. For the reasons set forth below, it is **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED**.

***Background***

The plaintiff, C. M. Pound ("Pound"), filed an application for disability insurance benefit and supplemental income under titles II and XVI of the Social Security Act on April 21, 2020, alleging a disability onset date on November 1, 2019. (Tr. 204; Tr. 210; Tr. 462). The Social Security Administration ("SSA") initially denied Pound's claims and again on reconsideration on. (Tr. 71-72; Tr. 95-96). Following a hearing, Administrative Law Judge ("ALJ") issued an unfavorable decision on February 3, 2021. (Tr. 15). The Appeals Council denied Pound's request for review on April 15, 2021, making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed, and this court remanded the case back to the SSA in June 2022. (Tr. 551-59). Following remand, the ALJ issued a new decision in January 2023; however, the Appeals

[1] To protect privacy, the plaintiff's full name will not be used in this Report and Recommendation.

Council remanded the case to a new ALJ for further review. (Tr. 570-86; Tr. 594-96). The new ALJ, Jody Hilger Odell, issued a decision on March 13, 2024 finding that Plaintiff was not disabled. (Tr. 462-72). The Appeals Council reviewed Plaintiff's objections to the ALJ's decision but found there was no basis to assume jurisdiction because the additional evidence submitted to the Appeals Council was unrelated to the relevant time period. (Tr. 418-22), Thus, the ALJ's decision became the final decision of the SSA for purposes of judicial review.

At step one of the five-step sequential analysis for determining whether an individual is disabled, as defined in the Social Security Act ("SSA"), the ALJ found that Pound had not engaged in substantial gainful activity since November 1, 2019. (Tr. 464).

At step two, the ALJ determined that Pound had the medically severe impairments of anxiety, attention deficit hyperactivity disorder, autism spectrum disorder, and depression. (Tr. 464).

At step three, the ALJ concluded that Pound did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 465-66).

Following step three, the ALJ then assessed Pound's residual functional capacity (RFC), holding as follows:

> [T]he claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is capable of managing detailed, but not complex, tasks. He has the ability to sustain the attention, concentration, persistence, and pace needed to complete those tasks. He can occasionally interact with the general public, but not in a customer service or transactional capacity, and he can have occasional interaction with supervisors and co-workers, but no collaborative work, such as group projects requiring frequent communication and cooperation with co-workers.

(Tr. 466).

At step four, the ALJ found that Pound was unable to perform any past relevant work. (Tr. 471).

At step five, the ALJ relied on vocational testimony and found that Pound could perform a significant number of jobs which existed in sufficient numbers in the national economy, including a hand packager, cleaner, and stores laborer. (Tr. 500-02). As a result, the ALJ found that Pound was not disabled, as defined in the Social Security Act. *Id.*

***Discussion***

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Lothridge v. Saul*, 984 F.3d 1227, 1232 (7th Cir. 2021); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."); *Swiecichowski v. Dudek*, 113 F.4th 751, 756 (7th Cir. 2025); *Rabdeau v. Bisignano*, 155 F.4th 908, 912 (7th Cir. 2025) (quoting *Jarnutowski v. Kijakazi*, 48 F.4th 769, 773 (7th Cir. 2022)); *Lincoln v. Bisignano*, 173 F.4th 886, 891 (7th Cir. 2026); *Liapis v. Bisignano*, No. 24-3170, slip op. at 4 (7th Cir. July 6, 2026). A reviewing court does not "reweigh the evidence or substitute [its] own judgment for that of the ALJ." *Moore*, 743 F.3d at 1121. Instead, the court's role is to "examine the ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions." *Id.*; *Lothridge*, 984 F.3d at 1233. To warrant reversal, the burden is on the claimant to "point to evidence compelling the conclusion that the adverse disability decision lacks substantial support in the record." *Morales v. O'Malley*, 103 F.4th

469, 470 (7th Cir. 2024).

Disability insurance benefits are available only to individuals who can establish a "disability" under the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. 20 C.F.R. §§ 404.1520, 416.920. The ALJ first considers whether the claimant is employed and "doing . . . substantial gainful activity." 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is, the claimant is not disabled, and the evaluation process is over. If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c); *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments). Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations. 20 C.F.R. § 401, pt. 404, subpt. P, app. 1. If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work. If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled. 20 C.F.R. §§ 404.1520(e), 416.920(e). That said, if the claimant shows that his impairment is so severe that he cannot engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, considering his age, education, job experience, and

functional capacity to work, is able to perform other work and that such work exists in the national economy. 42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Biestek v. Berryhill***,** 587 U.S. 97, 107–08 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion about job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Pound has requested that the court, again, remand this matter for additional proceedings. In his appeal, he challenges the ALJ's logical bridge, specifically with evaluating Sharon Nicole Boxer, M.D.'s opinion, and the ALJ's assessment of "normal" findings.

**1. Substantial Evidence Supports the ALJ's Decision**

A claimant is disabled if he demonstrates inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months. 42 U.S.C. § 423(d)(1)(A). The claimant has the burden of proving that his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The ALJ detailed numerous medical documents. (Tr. 468-480). Pound argues that the ALJ did not discredit "normal findings." [DE 14]. However, it is the ALJ's domain—and obligation—to assess the medical record as a whole and evaluate evidentiary credibility. *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000) ("this Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled") (citing *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999)). ALJs are required to

evaluate a medical source's relationship with the patient, specialization, and examinations. 20 C.F.R. §§ 404.1520c(c)(1)-(5).

An ALJ is free to determine that a claimant's alleged impairments are not supported by the medical and nonmedical evidence. 20 C.F.R. § 416.920c(b)(2), (c)(1)-(2) (regulatory factors of supportability and consistency are the most important factors ALJs consider when determining persuasiveness of prior administrative medical findings). Pound asserts that the ALJ dismissed the severity of his executive functioning deficits. [DE 14 at 14]. In his motion, Pound repeatedly states what ailments prohibit him from controlling his emotions, controlling his thoughts, and abstaining from impulsive behavior. *Id.* However, the claimant has the burden of proof of impairment. 20 C.F.R. §§ 440.1512, 416.912. Establishing a physical or mental impairment must be done "by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." 20 C.F.R. §§ 404.1508, 416.908; *see Thorlton v. King*, 127 F.4th 1078, 1080 (7th Cir. 2025) ("a claimant bears the burden of proving their disability.").

The ALJ discussed Pound's subjective statements and compared the statements with medical evidence, treatment, and physicians' opinions. (Tr. 466). The ALJ built a logical bridge from all of the relevant evidence to her determination, discussing the combination of each before her. *Jeske v. Saul*, 955 F.3d 583, 587 (7th Cir. 2020); *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005). An ALJ must consider all medical opinions and, even though the ALJ is not required to address each piece of evidence, a logical bridge between the evidence and conclusions is necessary. 20 C.F.R. § 404.1527(b,c); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013); *Rabdeau*, 155 F.4th at 913 (quoting *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010)).

**a. The ALJ's Assessment of Pound's Attention Span was Supported by the Record**

The ALJ found that Pound had only a moderate limitation as to concentrating, persisting, or maintaining pace ("CPP"). (Tr. 466). The ALJ noted that Pound appeared anxious or depressed at some of his evaluations and that he reported having difficulty concentrating. However, the ALJ compared those subjective comments to the reports from his mental health appointments, which documented no abnormalities in Pound's ability to concentrate or to pay attention. *Id.* The ALJ then explained that Pound made YouTube videos, was writing a book, and was actively trying to help others in the autism community. (Tr. 465). During medical evaluations, Pound's memory was documented as intact, and he testified to his ability to drive. *Id.*

The ALJ sufficiently considered Pound's subjective comments. *Hess v. O'Malley*, 91 F.4th 671, 679 (7th Cir. 2024) ("We will overturn the ALJ's evaluation of a claimant's subjective symptoms only if it is 'patently wrong, which means that the decision lacks any explanation or support.'") (citing *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014)). Pound merely cites his subjective assessments rather than demonstrating how additional limitations would alleviate such ailments, as supported by the record. [DE 14]. The ALJ evaluated Pound's statements against the record, which included state agency psychologists' opinions that Pound was not limited in his ability to complete tasks or concentrate. (Tr. 467; Tr. 470).

Accordingly, the ALJ properly evaluated Pound's CPP records. Pound takes issue with the ALJ's assessment of Dr. Boxer, namely that the ALJ found Dr. Boxer's opinion unsupported by the record as a whole. (Tr. 470). There was no evidence that Pound needed ongoing mental health therapy or a highly structured setting. (Tr. 466). Pound also asserts that the ALJ was dismissive of his autism diagnosis and his ADHD and should have obtained new evaluations prior to making a disability determination. [DE 14 at 15]. Pursuant to 20 C.F.R. § 404.1519p(b) and 20 C.F.R. §

416.919p(b), "if the report is inadequate or incomplete," the SSA "will contact the medical source who performed the consultative examination, given an explanation of our evidentiary needs, and ask that the medical source furnish the missing information or prepare a revised report*." See Delta M. v. Bisignano*, 2026 WL 532361, at *8 (N.D. Ind. Feb. 25, 2026). Nowhere in the ALJ's discussion of medical evaluations did she say that a doctor's opinion was vague or incomplete.

**b. The ALJ Sufficiently Weighed the Opinion of Consultative Examiner Dr. Boxer**

An ALJ can reject clinician opinions when substantial evidence contradicts them. *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024) (citing *Dixon v. Massanari*, 270 F.3d 1171, 1178 (7th Cir. 2001)); *see also Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (the Circuit will reverse an ALJ's determination "only if the record compels a contrary result").

In making her RFC determination on remand, the ALJ discussed Pound's symptoms and medical record. (Tr. 466). Pound argues that the ALJ did not adequately consider Dr. Boxer's evaluation. [DE 14]. In fact, the ALJ detailed that Dr. Boxer observed Pound was anxious but that he was also cooperative, calm, had normal memory recall, and could maintain concentration. (Tr. 324; Tr. 466). Dr. Boxer repeatedly found that Pound could maintain concentration and demonstrated normal memory. (Tr. 352; Tr. 362; Tr. 375; Tr. 466; Tr. 1011).

The state agency psychologists relied upon Dr. Boxer's findings when determining that Pound did not have disabling cognitive functions. (Tr. 110). Pound takes issue that the state agency psychologists did not affirm Dr. Boxer's findings that he had marked limitations in social functioning; serious limitations in carrying out instructions; serious limitations in maintaining attention; serious limitations in his ability to remember work-like procedures; and an absentee likelihood of more than four days per month. (Tr. 315-20; Tr. 470). However, the state agency psychologists' opinion was more recent than Dr. Boxer's, and they had the ability to review Dr.

Boxer's notes while forming their opinion. The state agency psychologists did not find documentation that Pound had deficiencies in attention or concentration, which was, in fact, consistent with Dr. Boxer's notes that were also devoid of such documentation. (Tr. 62-68; Tr. 84-92; Tr. 352; Tr. 362; Tr. 375; Tr. 466; Tr. 1011). In fact, Dr. Boxer's own documentation was contradictory as she stated that Pound had "severe anxiety and ADHD" but his "thought content/disorder" and thought processes were appropriate, logical, and sequential. (Tr. 323).

A disagreement with the ALJ's reasoning differs from a finding it was insufficient or statutorily improper. When refuting the ALJ's assessment of Dr. Boxer, Pound merely points to his own subjective symptoms. [DE 14]. A claimant's subjective symptoms, without more, do not demonstrate that the ALJ's decision was unsupported by the record. *Angel H. v. Kijakazi*, No. 1:22-cv-217, 2023 WL 3269691, at *3 (N.D. Ind. May 5, 2023).

This court does not have jurisdiction to reweigh evidence that the ALJ considered. *Powers v. Apfel*, 207 F.3d 431, 434-35 (7th Cir. 2000) ("this Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the Commissioner to decide whether a claimant is or is not disabled") (citing *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999)). The requisite standard for an ALJ's evaluation as "sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell v. O'Malley*, 97 F.4th 1050, 1054 (7th Cir. 2023) (quoting *Moore*, 743 F.3d at 1121). Here, the court is able to analyze the ALJ's assessment of Dr. Boxer in consideration of the record as a whole.

**a. The Mental RFC Aligned with Pound's CPP**

The RFC finding must account for all of a claimant's physical and mental limitations. Accordingly, an ALJ's failure to fully consider even non-severe limitations within the RFC finding

warrants remand and reversal. *Denton*, 596 F.3d at 423; *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). An RFC finding which does not account for all a claimant's limitations is not supported by substantial evidence. *Lothridge v. Saul*, 984 F.3d 1227, 1232-33 (7th Cir. 2021). However, the ALJ evaluates the persuasiveness of medical opinions and sources for supportability and consistency. *Lincoln*, 173 F.4th at 896.

The ALJ's opinion included a paragraph addressing the RFC limitations subsequent to the Appeals Council's order. (Tr. 470; *see also* Tr. 594). The ALJ explained that, despite Pound's subjective commentary, his daily life activities and medical examinations reflected that he could maintain attention and CPP to perform tasks sufficiently. (Tr. 470). The ALJ detailed how Dr. Boxer's own treatment notes were contradictory, thereby making her opinion unsupported by the record as a whole.

***Conclusion***

The court **RECOMMENDS** that the District Court **AFFIRM** the Commissioner's decision. This Report and Recommendation is submitted pursuant to 28 U.S.C. § 636(b)(1)(C). Pursuant to 28 U.S.C. § 636(b)(1), the parties shall have fourteen days after being served with a copy of this Recommendation to file written objections thereto with the Clerk of Court. The failure to file a timely objection will result in waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. Willis v. Caterpillar, Inc., 199 F.3d 902, 904 (7th Cir. 1999); Hunger v. Leininger, 15 F.3d 664, 668 (7th Cir. 1994); The Provident Bank v. Manor Steel Corp., 882 F.2d 258, 260-261 (7th Cir. 1989); Lebovitz v. Miller, 856 F.2d 902, 905 n.2 (7th Cir. 1988).

ENTERED this 27th day of August, 2026.

/s/ Andrew P. Rodovich
United States Magistrate Judge