UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COREY MICHAEL POUND,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:25-CV-332-GSL-APR |

**OPINION AND ORDER**

After a third hearing, [DE 8, Pages 486-509], the Administrative Law Judge ("ALJ") denied Plaintiff's claim, and the Appeals Council declined exceptions to the final decision. [*Id.* at 424-28; 460-78]. Thus, the ALJ's decision became the final decision of the Social Security Administration for purposes of judicial review. On April 18, 2025, Plaintiff filed the Complaint requesting review and remand of the final decision. [DE 1]. The case was fully briefed, with Plaintiff filing their Opening Brief at [DE 14], the Commissioner responding at [DE 22], and Plaintiff replying at [DE 23]. On August 27, 2026, Magistrate Judge Andrew P. Rodovich issued the Report and Recommendation which recommended that this Court affirm the Commissioner's decision. [DE 25]. Plaintiff filed objections to the Report and Recommendation on September 10, 2026. [DE 26]. Having reviewed the Report and Recommendation and the related objections, the Court is ready to rule.

*Legal Standard*

Generally, the Court reviews the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Cooper v. Berryhill*, 244 F. Supp. 3d 824, 826-827 (S.D. Ind. 2017) (citing *Pepper v. Colvin*, 712 F.3d 351, 361-62

(7th Cir. 2015)). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cooper*, 244 F. Supp. 3d at 826-827 (citing *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001)). An ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Cooper*, 244 F. Supp. 3d at 826-827 (citing *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994)). In other words, the ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines her conclusions, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Cooper*, 244 F. Supp. 3d at 826-827 (citing *Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012)). The scope of review is confined to the rationale offered by the ALJ. *Cooper*, 244 F. Supp. 3d at 826-827. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93-95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

Here, a magistrate judge issued a report and recommendation as to Plaintiff's appeal of the Commissioner's decision, some of which Plaintiff objected to. When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district judge reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. P. 72(b). The Court, however, is not to reweigh the evidence, which is contrary to well-settled case law on the standard of review for Social Security appeals. *Reynolds v. Kijakazi*, 25 F.4th 470, 473-74 (7th Cir. 2022) (citing *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)).

A district court judge may fulfill their obligation of de novo review simply by "inform[ing] [this court] that he has conducted a *de novo* review." *United States v. Jones*, 22 F.4th 667, 679 (7th Cir. 2022) (citing *Pinkston v. Madry*, 440 F.3d 879, 894 (7th Cir. 2006)). The district judge "makes the ultimate decision to adopt, reject, or modify" the report and

recommendation, and it need not accept any portion as binding; the [judge] may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *Cooper*, 244 F. Supp. 3d at 826-827. *See Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 759-61 (7th Cir. 2009).

*Discussion*

I. Lack of Logical Bridge

Plaintiff first objects to the Report and Recommendation and argues it should be rejected because "the ALJ again failed to build a logical bridge to support her finding that plaintiff can sustain concentration, persistence, and pace throughout the workday." [DE 26, Page 3]. Plaintiff argues that the question is not whether Plaintiff can sometimes concentrate or complete an activity, but whether substantial evidence supports the ALJ's affirmative finding that he can sustain concentration, persistence, and pace with the regularity required for competitive employment. [*Id.*].

Plaintiff asserts that the evidence cited by the ALJ—Plaintiff's "intact attention and concentration" during mental-health appointments, Plaintiff's ability to drive, and make YouTube videos, his attempt to write books, help others in the autism community, and attempt a business—do not answer that question. [*Id.* at 3-4]. In addition to arguing this evidence does not address the relevant question, Plaintiff asserts that these activities are not equivalent to sustained work, nor are they evidence of sustained functioning, and that actually, Plaintiff reported difficulty focusing while trying to write, that his business attempt was unsuccessful, and that the activities the ALJ relied upon were intermittent and largely self-directed. [*Id.* at 4].

The Court, however, disagrees that this evidence has no bearing on the relevant question, especially when viewed in combination with the plethora of other evidence cited by the ALJ in

coming to her conclusion. Furthermore, Plaintiff develops no argument that Plaintiff's business failed as a direct result of his alleged disability. The Court also notes that while creating YouTube videos and helping others in the autism community may arguably be self-directed, attention and concentration during mental-health appointments, where a mental-health professional is conducting the appointment and directing Plaintiff's activities, and driving, which requires adherence to traffic laws and attention to other vehicles on the road, are not what this Court considers to be self-directed.

Plaintiff points to three specific pieces of evidence to argue that the Report and Recommendation "materially mischaracterizes" the record when finding that the ALJ built a logical record. [*Id.*]. First, Plaintiff points to the findings of the State Agency psychologists who found Plaintiff moderately limited in his ability to maintain attention and concentration for extended periods; perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; and complete a normal workday and workweek without psychologically based interruptions and perform at a consistent pace without unreasonable rest periods. [*Id.*]. Second, Plaintiff points to Dr. Boxer's opinion that Plaintiff was seriously limited in maintaining attention for two-hour segments, completing a normal workday and workweek, performing at a consistent pace, and would miss more than four days of work per month. Finally, Plaintiff testified that he was fired from his last job after being late approximately four days per week, often by one to two hours, which the Vocational Expert confirmed would preclude competitive employment. [*Id.*].

However, the ALJ addressed the findings of the State Agency psychologists and Dr. Boxer and described why she found that specific underlying evidence unpersuasive. [DE 8 at 476]. The ALJ even went so far as to cite specific exhibits that the State Agency psychologists

and Dr. Boxer based their opinions on, and why that evidence did or did not support her conclusion. [*Id.*]. Moreover, while Plaintiff is correct that the Vocational Expert testified Plaintiff could not complete the work he had done previously—cart attendant and sales clerk—the Vocational expert also explicitly testified that given Plaintiff's age, education, work experience and residual functional capacity, Plaintiff would be able to perform three other types of roles—hand packager, cleaner, and stores laborer—which the ALJ discussed in her decision. [*Id.* at 477-78].

This Court will not reweigh evidence, which is contrary to well-settled case law on the standard of review for Social Security appeals, but instead, finds that because of the ALJ's discussion of the evidence referenced by Plaintiff above, the Report and Recommendation was correct to conclude that the ALJ built a logical record. *See Reynolds v. Kijakazi*, 25 F.4th 470, 473-74 (7th Cir. 2022) (citing *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)).

II. "Improper Reliance" on State Agency Opinions

Plaintiff next argues the Report and Recommendation should be rejected, not adopted, because the ALJ relied on the opinions of the State Agency psychologists who did not consider material evidence that post-dated their assessment. [DE 26 at 5]. Specifically, Plaintiff references the following evidence post-dating their review: Plaintiff's March 2023 crisis admission with suicidal ideation, continuing anxiety and obsessive behavior, evidence concerning autism and ADHD, and ongoing mental exhaustion and distractibility. [*Id.* at 6]. Instead, according to Plaintiff, the ALJ evaluated this new evidence herself, which Plaintiff argues is error. [*Id.*]. Plaintiff asserts that the State Agency psychologists did not evaluate the record on the same diagnostic or functional footing ultimately presented to the ALJ. [*Id.*]. Plaintiff argues that the ALJ relied on the earlier opinions of the State Agency psychologists and independently

determined that the later evidence remained consistent with the mental demands of the RFC, but that the Seventh Circuit has repeatedly rejected reliance on an earlier medical opinion where significant later evidence reasonably could have changed the reviewing source's opinion. [*Id.* (citing *Moreno v. Berryhill*, 882 F.3d 722, 728 (7th Cir. 2018); *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014))].

Plaintiff does not provide citations to the State Agency psychologists' opinions he believes are outdated, nor does he provide citation to which medical records specifically post-dated the State Agency psychologists' opinions and "reasonably" could have changed their opinion. It would appear that the specific State Agency psychologists' opinions they are referencing are 1A, 2A, 5A and 6A. The Court does not believe that a single crisis admission with suicidal ideation "reasonably" would have changed the State Agency psychologists' opinions, because it appears to be a stand-alone event which was not repeated. It is also not this Court's opinion that additional, later reports of continuing anxiety and obsessive behavior, evidence concerning autism and ADHD, and ongoing mental exhaustion and distractibility could "reasonably" change the State Agency psychologists' opinions, because those symptoms were already discussed, considered, and accounted for in each of the opinions found at 1A, 2A, 5A, and 6A. Notably, while there are some medical records indicating Plaintiff suffers from anxiety and depression, there are other medical records from 2023 stating that Plaintiff does not have anxiety or depression. [DE 8 at 961].

Further, the Court finds that the evidence Plaintiff argues post-dated the State Agency psychologists' opinions is not of the same sort discussed in the two cases cited, *Moreno* and *Goins*. In *Moreno*, the court found that the first doctor's assessment compared to the second doctor's treatment notes revealed significant and new developments in the plaintiff's mental

health that could have affected the first doctor's assessment. *Moreno v. Berryhill*, 882 F.3d 722, 728-29 (7th Cir. 2018). Here, as discussed above, the post-dated evidence is of the same type that was already considered in the State Agency psychologists' initial opinions.

In *Goins,* an earlier MRI revealed degenerative disease in only one disc, while a later MRI showed degeneration all along the cervical and lumbar regions of the spine. *Goins v. Colvin*, 764 F.3d 677, 680 (7th Cir. 2014). The later MRI was not "submitted to medical scrutiny", and instead, the ALJ "summarized the results of the [later] MRI in barely intelligible medical mumbo-jumbo." *Id.* The Seventh Circuit reasoned that the magistrate judge's statement in upholding the denial of benefits, that "while it is true that the ALJ did not specifically mention [the newer MRI's findings], she was not required to recite each of [the plaintiff's] diagnoses," amounted to saying that an ALJ is free to ignore medical problems that may be causing the symptoms the claimant is alleging. *Id.* Here, that is simply not what occurred. The ALJ did not ignore medical problems that may be causing the symptoms the claimant is alleging, because the ALJ discussed the later evidence and found it remained consistent with the mental demands of the RFC. And, as discussed above, the Court does not believe this evidence could "reasonably" have changed the State Agency psychologists' opinions, because those symptoms were already discussed, considered, and accounted for in each of the opinions found at 1A, 2A, 5A, and 6A.

III. A Failure to "Properly Evaluate" Dr. Boxer's Opinion under 20 C.F.R. § 404.1520c.

Plaintiff asserts that under Section 404.1520c the question is whether the ALJ herself adequately evaluated and explained the opinion's supportability and consistency. [DE 26 at 7-8]. Here, Plaintiff argues the ALJ did not evaluate and explain Dr. Boxer's opinion for supportability and consistency. [*Id.*]. First, Plaintiff argues that Dr. Boxer expressly identified the clinical signs and symptoms supporting her assessment, but that ALJ did not explain why those

findings failed to support Dr. Boxer's assessed limitations in maintaining attention for two-hour segments, completing a normal workday and workweek, maintaining consistent pace, and regular attendance. [*Id.*]. However, the Court disagrees. The ALJ explicitly stated that Dr. Boxer's findings were not consistent with "[her] own treatment notes at Ex. 4F" and that Dr. Boxer otherwise failed to cite any objective evidence to support her findings. [DE 8 at 476]. Making findings not consistent with her own treatment notes and failing to cite other evidence to support those findings both address the supportability of Dr. Boxer's conclusion. The Court fails to see how the ALJ did not evaluate and explain the supportability of Dr. Boxer's findings.

Second, Plaintiff argues that Dr. Boxer's findings regarding assessed limitations were not isolated from the other evidence, and that both the findings of the State Agency psychologists and later record bore directly on the same sustained-work functions identified by Dr. Boxer that the ALJ found unsupported. [DE 26 at 8]. Plaintiff argues that therefore, the ALJ did not adequately address the consistency between that evidence and Dr. Boxer's functional assessments. [*Id.*]. Here again, the Court disagrees. The ALJ stated that Dr. Boxer's findings are not consistent with the complete record, that evidence showed that Plaintiff had the ability to pay attention and concentrate and had a good memory and logical thought process, and that the itself record demonstrated the claimant has some functional limitations, but that they are not as severe as Dr. Boxer describes. [DE 8 at 476]. The ALJ does not appear, to this Court, to have viewed the findings of Dr. Boxer in isolation and stated as much in the decision. Plaintiff cites specific evidence that he believes the ALJ should have given more weight to and lead her to a different conclusion. But, as stated above, this Court will not reweigh the evidence, which is contrary to well-settled case law on the standard of review for Social Security appeals. *See Reynolds v.*

*Kijakazi*, 25 F.4th 470, 473-74 (7th Cir. 2022) (citing *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)).

*Conclusion*

The Court has conducted a *de novo* review and resolved each of Plaintiff's objections. For the foregoing reasons, the Court ADOPTS the Report and Recommendation, [DE 25], over Plaintiff's objections and in its entirety, and the Commissioner's decision is AFFIRMED.

SO ORDERED.

ENTERED: September 16, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court